IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TOMMY LYNN JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 6:07cv82 |
| | | (Crim. No. 6:02cr83) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Tommy Lynn Johnson, proceeding *pro se*, filed this motion to vacate or correct sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson and a co-defendant, Reisa Pettiette, were convicted of various drug and firearms offenses on July 21, 2003. He received a sentence of 511 months in prison. His conviction was affirmed on appeal, but the Supreme Court vacated and remanded the judgment for further consideration in light of United States v. Booker, 125 S.Ct. 738 (2005). The Fifth Circuit again affirmed the conviction. United States v. Johnson, 156 Fed.Appx. 640 (5th Cir., December 1, 2005) (not selected for publication in the Federal Reporter).

In his Section 2255 motion, Johnson argues that the Court lacked authority to impose the 25-year consecutive sentence for a "second or subsequent" firearms conviction and that he received ineffective assistance of counsel. The gravamen of Johnson's claim was that he had no prior convictions and that the 25-year consecutive sentence was for a second firearms count in the same indictment. In other words, as the Magistrate Judge explained, the second firearms count in the present indictment was considered a "second or subsequent conviction" to the first count in the

1

same indictment, and so he received a 25-year consecutive sentence on the second count.  He also said that counsel was ineffective for failing to challenge the Court's authority to impose this sentence.

The Magistrate Judge ordered the Government to answer Johnson's motion to vacate his sentence.  Johnson filed a response to the answer.

On October 5, 2007, the Magistrate Judge issued a Report recommending that Johnson's petition be dismissed.  The Magistrate Judge noted that the Supreme Court has specifically held that convictions on multiple firearms counts in a single indictment will trigger the enhanced minimum sentences contained in 18 U.S.C. §924(c).  Deal v. United States, 508 U.S. 129, 132 (1993).  Although Johnson argued that Deal is "outdated," the Fifth Circuit has held that the case has not been overruled and is still valid law.  United States v. Lopez-Urbina, 434 F.3d 750, 761 (5th Cir. 2005).  The Magistrate Judge therefore concluded that Johnson's claim on this point, as well as his claim that counsel rendered ineffective assistance by failing to challenge this sentence and by failing to seek an instruction regarding "second or successive convictions," were without merit.

The Magistrate Judge also recommending rejecting Johnson's contention that 21 U.S.C. §841(c)(1) is not a "drug trafficking crime" because no methamphetamine was found during the search of the residence or the vehicle; rather, the items taken in the searches included receipts for the purchase of some 400 boxes of nasal decongestants, as well as other materials used in the manufacture of methamphetamine, and so the jury could reasonably infer that the receipts evidenced purchases of pseudoephedrine to be used to manufacture methamphetamine.  Evidence showed that the pseudoephedrine seized could have been used to manufacture 48.4 grams of methamphetamine, and the quantity of pseudoephedrine seized could have been used to manufacture 145 grams of methamphetamine.  Consequently, the Fifth Circuit said, the evidence was sufficient to support the jury's finding that the conspiracy involved more than 50 grams of methamphetamine.  The Magistrate Judge therefore determined that Johnson's claim that it was erroneous to submit "50 grams or more" to the jury, and his claim that the statute is not a "drug trafficking crime," were

2

without merit.  Finally, the Magistrate Judge recommended that Johnson be denied a certificate of appealability *sua sponte*.

Johnson filed objections to the Magistrate Judge's Report on November 5, 2007.  He says that he did not receive the Report until October 25 and so the Court will consider his objections as timely.

In his objections, Johnson argues first that his appellate counsel "failed to put forth any meaningful adversarial testing" of the Government's case, and that had the proper objection been made, his claims would have been reviewed under the "harmless error" standard, which he says that the Government could not have met.  However, Johnson's claims in this regard are dependent upon his assertion that an objection in contravention of <u>Deal</u> would have been meritorious, when this is simply not the case.

Second, Johnson says that the Government had "absolutely no reason" to charge him with 50 grams of methamphetamine or more, when the seized chemicals would have produced only 48.4 grams.  Johnson neglects to consider the receipts for the 400 boxes of pseudoephedrine, which evidence shows could have been used to manufacture an additional 145 grams of methamphetamine, a fact which the Fifth Circuit noted in Johnson's original appeal.  <u>United States v. Johnson</u>, 105 Fed.Appx. 578 (5th Cir., August 3, 2004), *remanded* <u>Johnson v. U.S.</u>, 543 U.S. 1114 (2005), *aff'd on remand* 156 Fed.Appx. 640.  This is sufficient to support the charge of 50 grams or more of methamphetamine.  Johnson's objection on this point is without merit.

Johnson complains that the "Notice of Penalty" attached to the indictment stated that the maximum sentence which he faced on the second firearms charge was ten years, not 25.  While this is correct, he fails to show that this error amounts to a constitutional violation redressable under Section 2255.  In <u>U.S. v. McCalla</u>, 38 F.3d 675, 679 (3rd Cir. 1994), an alien had been deported as a result of an aggravated felony conviction, and was given a Form I-294 notice which warned him that unlawful re-entry into the United States would expose him to a maximum prison sentence of two

years.  This was an error; in fact, the maximum sentence which McCalla faced was 15 years.  He unlawfully re-entered the United States and was convicted of that offense.

McCalla argued that the Government was precluded from seeking a sentence in excess of two years, in light of the Form I-294 which he had been given, but the district court rejected this argument, imposing a sentence of 112 months with three years of supervised release.

On appeal, the Third Circuit affirmed the conviction.  The Court, citing a Fifth Circuit case to the same effect, said that the statute clearly and unambiguously articulates the penalties associated with a re-entry offense, and so regardless of the inaccuracy in the Form I-294, the statute under which the defendant was convicted provides notice adequate to satisfy the requirements of due process.  McCalla, 38 F.3d at 678-79, *citing* United States v. Perez-Torres, 15 F.3d 403, 406 (5th Cir. 1994).

Essentially the same reasoning applies in the present case.  While the inaccuracy in the Notice of Penalty was "regrettable, even inexcusable," as the Third Circuit said, it is the criminal statute which must clearly set forth the activity which constitutes a crime, and the punishment authorized for committing such a crime.  18 U.S.C. §924(c) is not ambiguous and has been clearly interpreted by Deal to provide for a 25-year sentence in circumstances such as Johnson's.  He has failed to show a due process violation and so his claim on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the motion to vacate and attached memorandum, the Government's response thereto, Johnson's reply to this response, the Report of the Magistrate Judge, Johnson's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Movant are without merit.  It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Movant Tommy Lynn Johnson is hereby denied a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all other motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 28th day of December, 2007.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**